IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOUTHERN POVERTY LAW CENTER<br><br>Plaintiff,<br><br>V.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>and<br><br>UNITED STATES CUSTOMS AND BORDER PROTECTION<br><br>Defendants. | Civil Action No. 1:18-cv-01724<br><br>JURY DEMANDED |

## COMPLAINT FOR INJUNCTIVE RELIEF

1. Plaintiff Southern Poverty Law Center ("SPLC") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, for injunctive, and other appropriate relief to compel the disclosure and release of documents from Defendants U.S. Department of Homeland Security ("DHS"), and DHS' component agency, U.S. Customs and Border Protection ("CBP") (collectively, "Defendants").

2. On February 9, 2018, SPLC submitted a FOIA request to CBP seeking specific information related to (1) apprehensions by CBP on common carrier buses or at bus stops in Florida and (2) interactions between CBP and customers/passengers of common carrier buses in Florida, within the respective date ranges of (a) September 1, 2016 to February 1, 2017, and (b) September 1, 2017 to February 1, 2018 ("the Request").

3. More than five months have passed since SPLC submitted the Request. To date, Defendants have failed to produce a single document in response to the Request and have ceased communicating with SPLC regarding the status of that Request despite multiple overtures from

SPLC. In short, Defendants have wholly failed to comply with their obligations under FOIA. SPLC files this lawsuit to compel the production of the documents and information it seeks.

# I.
# PARTIES

4.  Plaintiff SPLC is a non-profit organization dedicated to fighting hate and bigotry and to seeking justice for the most vulnerable members of our society. Through the use of public education, litigation, and other forms of advocacy, SPLC works toward a vision of equal justice and equal opportunity. SPLC has a longstanding commitment to defending the rights of immigrants, and it provides free legal representation to immigrants who have suffered violations of their civil rights. SPLC submitted the Request that is the subject of this action and is a "person" within the meaning of 5 U.S.C. § 551(2).

5.  Defendant DHS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). DHS is the executive department responsible for enforcing federal immigration laws and is an agency of the United States. On information and belief, DHS (whether for itself or via its component agency, Defendant CBP) has possession of and control over the documents and information requested by SPLC under FOIA.

6.  Defendant CBP is a component agency of DHS and an "agency" within the meaning of 5 U.S.C. § 552(f)(1). CBP is the component agency of DHS responsible for the management and control of the United States' borders. CBP has possession of and control over the documents and information requested by SPLC under FOIA.

# II.
# JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1346. This Court also has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).

8. This Court has personal jurisdiction over each of the Defendants because each Defendant is conducting business and maintaining operations in this District.

9. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B), which provides for the hearing of FOIA cases in, among other proper venues, the district in which responsive records may be found, and in the District of Columbia.

10. Injunctive relief is proper under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

### III.
### STATUTORY FRAMEWORK

11. Any member of the public may request records from an agency of the United States under FOIA. An agency that receives a FOIA request must respond in writing to the requestor within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i). In its response, the agency must: inform the requestor as to whether it intends to comply with the request; provide reasons for its determination; and inform the requestor of his or her right to appeal the determination. FOIA provides for an extension of this deadline "[i]n unusual circumstances" but limits this extension to "ten working days." 5 U.S.C. § 552(a)(6)(B)(i).

12. A FOIA requestor is deemed to have exhausted all administrative remedies if the agency fails to comply with the request within statutory time limits. 5 U.S.C. § 552(a)(6)(C)(i).

13. FOIA requires an agency to disclose in a timely manner, in response to a FOIA request, all records that do not fall within nine narrowly construed statutory exemptions. 5 U.S.C. § 552 (a)(3)(A); 5 U.S.C. § 552(b)(1)-(9). FOIA also requires an agency to make a reasonable search for responsive records. 5 U.S.C. § 552(a)(3)(C).

14. Upon a requestor's complaint, a district court has jurisdiction to enjoin an agency from withholding records and to order production of records subject to disclosure. 5 U.S.C. § 552(a)(4)(B).

## IV.
## FACTUAL BACKGROUND

15. In and around January 2018, multiple media outlets reported that agents of CBP (and/or other DHS agencies) had been captured on video conducting searches and questioning passengers on Greyhound buses in Fort Lauderdale, Florida, and Tampa, Florida. According to an article in the *Miami Herald*,[1] CBP acknowledged in a statement that these efforts were related to its enforcement of immigration laws.

16. It was reported that these agents had taken multiple individuals into custody as a result of these searches.

## V.
## THE FOIA REQUEST

17. On February 9, 2018, SPLC submitted the FOIA Request to CBP. The Request, assigned Case Number CBP-2018-030379, was narrow, targeted, and detailed. It seeks records related to (1) apprehensions by CBP on common carrier buses or at bus stops in Florida and (2) interactions between CBP and customers/passengers of common carrier buses in Florida. The Request seeks information related to these apprehensions and interactions from within the date ranges of (a) September 1, 2016 to February 1, 2017, and (b) September 1, 2017 to February 1, 2018. A copy of the Request is attached as Exhibit 1 to this Complaint.

18. Specifically, the Request stated that SPLC seeks:

- Any and all documents related to apprehensions that took place at common carrier bus stops and/or aboard common carrier buses (such as Greyhound, RedCoach Business, Megabus, etc.) in Florida from September 1, 2016 to February 1, 2017 and September 1, 2017 to February 1, 2018. Documentation should include dates, times, and details regarding the apprehension, any and all action taken by CBP, and the name and badge numbers of the CBP officer(s) involved. Records should include, but are not limited, to incident reports,

---

[1] David Neal, "Border Patrol agents boarded a bus and asked for citizenship papers. Is that legal?" MIAMI HERALD, Jan. 22, 2018, available at https://www.miamiherald.com/news/local/immigration/article196016724.html.

4

arrest reports, immigration arrest warrants, body camera footage, and use of force reports; and

- Any and all documents related to interactions between CBP officers and customers and/or passengers of common carrier buses, either at stops or aboard the bus, in Florida from September 1, 2016 to February 1, 2017 and September 1, 2017 to February 1, 2018. "Interactions" includes conversations, searches, inspections, questioning of any kind, and requests for identification or other papers. Documentation should include dates, times, and details regarding the interaction, any and all action taken by CBP, and the name and badge numbers of the CBP officer(s) involved. Records should include, but are not limited, to incident reports, arrest reports, immigration arrest warrants, body camera footage, and use of force reports; and
  …
- Any and all documents detailing or describing CBP procedures or policies related to interactions, apprehensions, inspections, or mere presence at common carrier bus stops and inside common carrier buses.

Ex. 1. at 1-2.

19. The Request also described three reported incidents that involved CBP officers performing searches and/or apprehensions on certain Greyhound buses in Florida on January 19, January 25, and January 30, 2018, respectively. Ex. 1 at 2. The Request specified that the records produced in response to the Request should include documents related to those three incidents. Ex. 1 at 2.

20. SPLC requested a waiver of all fees for the Request because disclosure of the requested information was in the public interest and not in SPLC's commercial interest. *See* 5 U.S.C. § 552(a)(4)(A). Numerous news accounts reflect the strong and sustained public interest in the records the SPLC seeks. The records sought in the Request will significantly contribute to public understanding of the operations or activities of the government. *See id.* § 552(a)(4)(A)(iii).

21. In the alternative, the Request stated that if a waiver was not granted, SPLC was willing to pay fees for the Request up to a maximum of $50, and asked that if CBP estimated that the fees would exceed this limit, to please inform SPLC. Ex. 1 at 2.

22. By letter dated March 6, 2018 (the "CBP Letter"), CBP acknowledged that it had received the Request. This letter is attached hereto as Exhibit 2. The CBP Letter did not respond to SPLC's request for a waiver or invoke the 10-day extension option as provided in the FOIA statute. Instead, the CBP Letter told SPLC that "your request was too broad in scope or did not specifically identify the records which you are seeking." The CBP Letter continued that "[w]henever possible, a request should include specific information about each record sought, such as the event that would have created the record, a date range for the request, and subject matter of the records. Ex. 2 at 1. But this is precisely what SPLC had done in its original Request.

23. The CBP Letter also suggested that SPLC had, by highlighting the three reported incidents on Greyhound buses, SPLC had effectively requested "records pertaining to specific individuals" and was thus required to include a signed G-28 or G-639 form, or a signed statement from the individual verifying that his/her information may be released.

24. The CBP Letter further stated, "This is not a denial of your request for records. So we may continue processing your request, please narrow the time frame of your search[.]" Again, however SPLC's Request had already proposed a narrow time frame: two specific and distinct six-month periods within the previous two years.

25. The CBP Letter concluded by advising SPLC of its options to contact a FOIA Public Liaison or seek dispute resolution from the Office of Government Information Services. Ex. 2 at 1.

26. SPLC responded to the CBP Letter by contacting the FOIA Public Liaison in the Privacy Office of the Department of Homeland Security via letter dated April 12, 2018 (the "April 12, 2018 Letter"). A copy of that letter is attached hereto as Exhibit 3. The April 12, 2018 Letter explained SPLC's disagreement with CBP's finding that the Request was "too broad in scope or did not specifically identify the records which you are seeking." The April 12, 2018 Letter noted that the original Request had:

- "provided various types of specific information in our request that should allow CBP to conduct an organized, non-random search and locate the records we seek;"
- "included examples of the record types and likely file designations sought;"
- "included specific information on the kind of event which would have created the records sought, and the subject matter of the records;" and
- "provided the dates and locations of specific interactions we were interested in, and even provided links to news stories about those specific interactions and apprehensions."

Ex. 3 at 1-2.

27. SPLC also asked that any personal identifying information be redacted from the released records, eliminating the need for a signed release of information (G-28, or G-639 form) as mentioned in the CBP Letter. Ex. 3 at 2. And, SPLC reiterated its request that "any reasonably segregable portion" of the records be provided to SPLC even if some records could not be released. *Id.*, citing 5 U.S.C. § 552(b).

28. The Public Liaison never responded to the April 12, 2018 Letter.

29. By letter dated June 11, 2018 (the "June 11, 2018 Letter"), counsel for SPLC contacted the Public Liaison to request a status update regarding the Request and to note that there had been no response to the April 12, 2018 Letter.

30. On or about June 28, 2018, the CBP Public Liaison's office contacted counsel for SPLC by telephone. The CBP Public Liaison office representative indicated that the office had

7

not received SPLC's April 12, 2018 Letter. Thus, counsel followed up with an email to the CBP Public Liaison office representative attaching the Request and other previous correspondence between CBP, DHS, and SPLC (the "June 28, 2018 Email"). Also on the telephone call, the CBP Public Liaison office representative indicated that the office would contact SPLC counsel regarding the Request during the week of July 2, 2018. The promised contact not forthcoming, counsel for SPLC again reached out to the FOIA Public Liaison on July 12, 2018 by email and, to date, has received no response to that outreach.

31. As of the filing of this Complaint, SPLC has received no further correspondence from CBP or DHS, including whether either agency has identified and/or intends to disclose any record responsive to the Request.

32. As of the filing of this Complaint, a search for the Request's tracking number (CBP-2018-030379) on the "FOIAOnline" website[2] indicates that SPLC submitted its Request on February 9, 2018, that Request is "under agency review" and the estimated date of completion is April 3, 2018, more than three months ago.

33. Based on the February 9, 2018 submission date reflected in the FOIAOnline database, <u>CBP was required to respond to the Request on or before March 1, 2018</u>.

34. As of the filing of this Complaint, neither the CBP nor the DHS has produced any documents or records responsive to the Request.

35. As of the filing of this Complaint, SPLC has not received any response to its request for a fee waiver.

36. Based on the foregoing, CBP has constructively denied the Request.

---

[2] https://www.foiaonline.gov/foiaonline/action/public/home.

WEST\282271202.6

## VI.
## CAUSES OF ACTION

37. SPLC re-alleges and incorporates by reference all the foregoing paragraphs in this Complaint as though fully set forth herein.

38. Defendants have violated FOIA, 5 U.S.C. § 552(a)(3)(A), by failing to promptly release agency records in response to SPLC's Request.

39. Defendants have violated FOIA, 5 U.S.C. § 552(a)(3)(C)-(D), by failing to make reasonable efforts to search for records responsive to SPLC's Request.

40. Defendants have violated FOIA, 5 U.S.C. § 552(a)(6)(A), by failing to timely respond to SPLC's Request.

41. Defendants have violated FOIA, 5 U.S.C. § 552(a)(4)(A), and corresponding regulations, by failing to grant SPLC's request for limitation and/or waiver of fees.

42. Because Defendants have failed to comply with the FOIA time-limit provision, SPLC is deemed to have exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i). Defendants have refused to produce records—or even to update SPLC as to the status of the Request—despite multiple attempts by SPLC to follow up.

43. Injunctive relief is authorized under 5 U.S.C. § 552(a)(4)(B) because Defendants continue to improperly withhold agency records in violation of FOIA. SPLC will suffer irreparable injury from, and have no adequate remedy at law for, Defendants' illegal withholding of government documents subject to SPLC's Request.

## VII.
## PRAYER FOR RELIEF

For these reasons, Plaintiff Southern Poverty Law Center asks that the Court grant the following relief:

a. Enjoin and order Defendants to immediately process and release all records responsive to the Request;

b. Enjoin Defendants from charging SPLC for search, review, or duplication fees for the processing of the Request;

c. Award SPLC its costs and reasonable attorneys' fees incurred in this action; and

d. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: July 24, 2018

By: */s/ Grayson D. Stratton*
Grayson D. Stratton
(D.C. Bar No. 976910)
Brett D. Solberg
(Application for admission *pro hac vice* forthcoming)
Betsey Boutelle
(Application for admission *pro hac vice* forthcoming)

**DLA PIPER LLP (US)**
1000 Louisiana Street, Suite 2800
Houston, TX  77002-5005
Tel: 713.425.8400
Fax: 713.425.8401
gray.stratton@dlapiper.com
brett.solberg@dlapiper.com
betsey.boutelle@dlapiper.com

**ATTORNEYS FOR PLAINTIFF
SOUTHERN POVERTY LAW CENTER**

WEST\282271202.6